# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

IN RE:                          )
                                )
PETER K. DAVIS, &               )    CHAPTER 13
KARI J. DAVIS,                  )    CASE NO. 10-
                                )
        Debtors                 )


# CHAPTER 13 PLAN

NOW COME the Debtors, Peter and Kari Davis (hereafter "Debtor"), by and through the undersigned counsel, and submit the following Chapter 13 plan. The Debtor will submit the following income and/or property to the trustee as is necessary for the execution of the plan:

1. **Plan Payments**.
a.  Commencing within **thirty (30) days of the date this case was filed**, the debtor will make plan payments of **$300.00** per month for 57 months.
b.  The applicable commitment period is 36 months.
c.  In addition, the debtors will pay the following: **n/a**
d.  Total amount to be paid by the debtor to the trustee is **$17,100.00**
e.  The debtor will contribute all tax refunds (combined federal and state) in excess of $1,200 per year, per debtor, to be deducted from the total obligation.

2. **Administrative Claims**. Administrative expenses and claims, as allowed, shall be paid in full from the funds paid by the debtor to the trustee as follows:
a.  Trustee's fees not to exceed 10.0%...............................$ 1,710.00

b.  Attorney's fee to be paid through the plan (if any)……$ 1,500.00 @ $100.00/mo. Mos. 1-15.

c.  Administrative reserve (if any)……………...………$ 2,788.50

d.  To the extent not utilized, the administrative reserve shall be paid to the class of unsecured creditors.

e.  Other (describe)…………………………………...……$ 0.00

3. **Secured Claims.** Claims secured by property of the estate shall be paid as follows:

a. Pre-Confirmation Adequate Protection Payments. No later than 30 days from the date of filing, the debtor shall make pre-confirmation adequate protection payments to the trustee for the benefit of the following creditors. The trustee shall disburse pre-confirmation adequate protection payments upon confirmation, or as otherwise provided by rule. A proof of claim must be filed for payment to issue. Pending confirmation, creditor(s) shall have an administrative lien on such payments, which shall be honored, subject to the trustee's fees, in the even of dismissal prior to confirmation.

| **Creditor** | **Collateral** | **Details** |
| --- | --- | --- |
| Lease & Rental Mgt. | Chevrolet | $150.00/mo. |

b. Secured Claims not in Arrears. The following secured claims not in arrears shall be paid directly by the debtor pursuant to the existing contract(s) between the debtor and the creditor(s). The lien securing each claim shall not be impaired and the underlying claim shall not be discharged.

| **Creditor** | **Collateral** | **Details** |
| --- | --- | --- |
| Chase | residence | $1753.25/mo. Mos. 1-55 pending loan modification to reammortize loan arrearages |
| Greentree | residence | paid as a general unsecured creditor in accordance with Schedule V. |

c. Secured Claims in Arrears. Current payments on secured claims in arrears (which arrearage is to be cured in paragraph (d), below) shall be made by the trustee during the term of the plan from the funds paid by the debtor as follows. Payment amounts will be adjusted pursuant to the existing contract(s) between the debtor and each creditor. Payments made by the trustee pursuant to this paragraph constitute full compliance with the existing contract between the debtor and each creditor. A proof of claim must be filed for payment to issue.

| **Creditor** | **Collateral** | **Details** |
| --- | --- | --- |
| Chase | residence | $30,000 arrearage; Trustee will pay $2,000 pro rata; remainder to be addressed through modification. |

d. Arrearages on Secured Claims. Arrearages on secured claims to cure defaults

shall be paid from the funds paid by the debtor to the trustee as follows. A proof of claim must be filed for payment to issue.

| **Creditor** | **Collateral** | **Periodic Payment And Amount** | **Next Due Date (Approx.)** |
|---|---|---|---|
| Chase | Residence | $2,000 to be paid pro rata | |
| Gorham | Residence | $1488.24 principal plus $41.01 interest pro rata | |

e. 910 Claims. Claims to which §506 valuation is not applicable consist of claims secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days prior to the bankruptcy filing or, if the collateral is any other thing of value, the debt was incurred within one year prior to filing. The claim amount plus allowed interest shall be paid as follows from the funds paid by the debtor to the trustee. A proof of claim must be filed for payment to issue.

| **Creditor** | **Collateral** | **Principal** | **Interest** | **Mo. Pymt.** |
|---|---|---|---|---|
| | | | | |

f. Non-910 Claims. Claims as to which §506 valuation is applicable consist of secured claims other than as described in paragraphs (a) through (e) above. The following secured claims shall be paid in accordance with the value of the collateral. A proof of claim must be filed for payment to issue. Confirmation of the plan is a judicial determination of value as set forth below. Any undersecured portion of the claim shall be treated as unsecured.

| **Creditor** | **Collateral** | **Principal** | **Interest** | **Mo. Pymt.** |
|---|---|---|---|---|
| Lease & Rental Management | Chevrolet | $5,149.00 @ 5% | (623.25) | $150.00/mo. Mos. 1-38; $72.25 Month 39 |

g. Collateral to be Surrendered. The debtor will surrender the following collateral within 30 days unless otherwise set forth. Any claim filed by a secured creditor with respect to such collateral will be treated as unsecured. The debtor consents to relief from stay with respect to such collateral; the debtor's consent does not affect the interests of the trustee or any co-debtor.

| **Creditor** | **Collateral** | **Collateral Will Be Surrendered On or Before** |
|---|---|---|
| Eastern Slope | timeshare | Upon motion for relief |

Resort Funding  timeshare        Upon motion for Relief

4. **Executory Contracts and Leases.**

    a. Assumption and Rejection.  Any executory contract or lease not assumed is rejected by confirmation of the plan.  The following executory contracts and leases are assumed and will be paid directly by the debtor according to the terms of the agreement between the debtor and the creditor.

**Creditor/Lessor/Other Party To Contract        Description**

AT&T Wireless                                Cell phone lease
.

    b. Cure of Defaults. Monetary defaults on any executory contract or lease assumed by the debtor will be cured by the trustee from funds submitted by the debtor as follows.  Payments will be made coincident with payments to secured creditors.

**Creditor/Lessor    Property Leased       Total Amt of       Mo. Pymt.**


5. **Priority Claims.**  Claims entitled to priority under 11 U.C.C. §507(a) shall be paid from the funds paid by the debtor to the trustee as follows.  A proof of claim must be filed for payment to issue.

    a. <u>Domestic-Support Obligations.</u>

        i.        [X] The debtor has no domestic support obligations;  or
              [ ] The debtor shall pay all post-petition domestic support obligations directly to the holder of each claim.

        ii.      Unless otherwise provided, the following pre-petition domestic support obligations shall be paid in full after secured claims are paid.

**Creditor    Description of Claim       Amount of Claim**

    b. Other Priority Claims.  Other priority claims shall be paid in full as follows:

| Creditor | Description of Claim | Principal | Interest | Mo. Pymt. |
|---|---|---|---|---|
| IRS | income taxes | $700.00 | | pro rata |

6. Interim Distribution  Interim distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed priority and secured claims.

7. Chapter 7 Liquidation Test (11 U.S.C. §1325(a)(4)). If this case were liquidated under Chapter 7 rather than reorganized under Chapter 13, the trustee would be entitled to sell, collect or recoup certain assets for the benefit of creditors. The liquidation amount which would be available for unsecured creditors, net of valid secured claims and exemptions is **0.00**. The debtor certifies that at least this cash amount will be paid to the trustee for the benefit of unsecured creditors and administrative reserve in this case.

8. General Unsecured Claims.  Unsecured (and undersecured) creditors' claims are listed on the debtor's schedules in the approximate amount of **$210,000.00** From the funds submitted by the debtor, the trustee will pay a pro rata share of approximately **$1,100.00** after all other claims have been paid.  A creditor must file a proof of claim by the bar date to be entitled to payment.  The Court will issue an order after the bar date determining the actual dividend.

9. Special Provisions.  The following other special provisions of the plan appear on the attached schedules as indicated.

   [] No other special provisions.
   [] Schedule I – Co-debtor matters (11 U.S.C. §§1301 & 1322(b)(1))
   [] Schedule II – Lien avoidance (11 U.S.C. §522)
   [] Schedule III – Sale of property (11 U.S.C. §363)
   [] Schedule IV – Injunctive Relief (11 U.S.C. §2002(c)(3) and
     Fed.R.Bankr.P. 7001(7))
   [x] Schedule V – **Stripdown of Greentree Loan Servicing's Home Equity Loan**

   It appearing that debtors' residence has been valued at no more than $230,000.00, and Debtors' primary mortgage to Chase Home Mortgage bears a balance of approximately $270,477.00, according to Debtors' records, Debtors' second mortgage to Greentree, in the approximate amount of $83,800.00, shall be stripped. The claim for the second mortgage shall be treated as a general unsecured claim and the claim shall be paid on a pro rata basis.

10. <u>Property of the Estate</u>. Property of the estate not paid over to the trustee shall remain in the possession of the debtor. All property of the estate, whether in the possession of the debtor or the trustee, remains property of the estate subject to the Court's jurisdiction notwithstanding 11 U.S.C. §1327(b).

Dated: November 18, 2010        /s/ Peter Davis

Dated: November 18, 2010  /s/ Kari Davis

Dated: November 18, 2010  /s/ J. Scott Logan
Law Office of J. Scott Logan, LLC
415 Congress Street, Ste. 202
Portland, ME 04101
(207) 699 1314

## RECONCILIATION BALANCE SHEET
**(Total payments and total distributions should be the same)**

**A. Total payments from Debtor to Trustee**    **$17,100.00**

B. Distributions to be made by Trustee in accordance with Plan.

    1. Trustee's fees.    $ 1,710.00
    2. Debtor's attorney's fees    $ 1,500.00
    3. Administrative Reserve    $ 2,788.50
    4. Secured Claims
        a. Gorham    $ 1,529.25
        b. Lease & Rental Management    $ 5,772.25
        c. Chase    $ 2,000.00
    5. Cure of executory contracts and leases
        a. $_____/mo. for ___ months to [Creditor]    $      0.00
        b. $_____/mo. for ___ months to [Creditor]    $      0.00
    6. Total priority claims    $   700.00
    7. Total to class I general unsecured claims    $ 1,100.00
    8. Total to class II general unsecured claims    $      0.00
    9. Other (describe):    $      0.00

**C. Total Distributions**    **$17,100.00**